UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIANE THAYSE,

      Plaintiff,

v.                                              Case No. 08-C-948

GREEN BAY POLICE DEPARTMENT, et al.,

      Defendants.

**ORDER**

      Plaintiff Diane Thayse proceeds pro se in this action under 42 U.S.C. § 1983. The defendants have filed a motion to dismiss the above matter for lack of diligence in prosecuting the action pursuant to Civil L.R. 41.3. (Doc. # 19.) On May 7, 2009, I advised plaintiff by an Order that she had until May 28, 2009 to respond to the motion and that if she failed to respond the Court would grant the motion dismissing the case with prejudice and without any further hearing. (Doc. # 23.) A copy of the Order was sent by mail to plaintiff, but it was returned to the Court with a notation indicating that plaintiff had moved and left no forwarding address.

      Counsel for defendants has informed the Court that he mailed a copy of the motion to dismiss, along with other documents, to plaintiff on May 6, 2009, but that the envelope was returned to sender and postmarked "Thayse; Moved Left No Address; Unable to Forward; Return to Sender." (Doc. # 24 at 1.) He further indicates that three other mailings sent to plaintiff in March 2009 were returned as undeliverable. The last contact defendants had with plaintiff was on March 18, 2009, when plaintiff called the office of defendants' counsel and indicated she wanted defendants' counsel to leave her alone, she could not deal with the "harassment," she was not going to go forward with her case and she was going to disconnect her phone. (Aff. Judith A. Zimmermann ¶¶ 6-7.)

Civil L.R. 41.3 of this district provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.

Based on a district court's inherent power to control its docket, a court has inherent authority to dismiss a case *sua sponte* for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Kimmel v. Tex. Commerce Bank*, 817 F.2d 39, 41 n.1 (7th Cir. 1987). A court is not required to impose graduated sanctions before dismissing a case for failure to prosecute. *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993).

As noted above, the last communication the defendants had with plaintiff was on March 18, 2009, where she expressed a lack of desire to continue prosecuting this action. Plaintiff has failed to keep the Court and defendants appraised of her current mailing address, which has resulted in a return of the Court's order advising her that failure to respond to the motion to dismiss would result in dismissal with prejudice. Because plaintiff has not diligently prosecuted this action, defendants' motion to dismiss will be granted, though plaintiff can petition for reinstatement of the action within 20 days of the date of this order.

**IT IS THEREFORE ORDERED** that this action is dismissed with prejudice pursuant to Civil L.R. 41.3.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment dismissing this action.

Dated this   24th   day of June, 2009.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge